Cynthia Bauer, Pro Se
P.O. Box 1422
Guerneville, CA 95446
Telephone 707-3282955
sintinkomiso@gmail.com

George Solemnidad, Pro Se
2360 Mendocino Avenue A2, #328
Telephone 707-217-9240,
georgejago@gmail.com

Edward Garcia, Pro Se
2360 Mendocino Avenue A2, #328
707-328-0944
Eddy97104@gmail.com

Michael Fenton, Pro Se
2360 Mendocino Avenue A2, #328
707-326-3792
Mfenton707@gmail.com

Linda Albright, Pro Se
3607 Banyan Street
Santa Rosa, CA 95403
707-703-8805
alrightlinda9@gmail.com

Michael Deegan, Pro Se
707-612-2722
Deeganm20171@gmail.com

George Jago, Pro Se
Santa Rosa General Delivery
707-217-9240
georgejago@gmail.com

Crystal Kramer
2360 Mendocino Ave A2, #328
Santa Rosa, CA 95403
707-867-3048
Crystalkramer007@gmail.com

**F I L E D**

AUG 18 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

CYNTHIA BAUER, GEORGE SOLEMNIDAD, EDWARD GARCIA, MICHAEL FENTON, GEORGE JAGO, MICHAEL DEEGAN, LINDA ALBRIGHT Crystal Kramer

vs.

CITY OF SANTA ROSA, JOHN CREGAN, MARASKEISHA SMITH, MEGAN BASINGER, CHRIS ROGERS, OFFICER MOORE, DOES 1-10 INCLUSIVE

Case No.: Number

**C22-04753** 

COMPLAINT PURSUANT TO 42 USC 1983 AND ADA TITLE II WITH EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PREVENT DESTRUCTION OF OUR COMMUNITY AT THE CORPORATE CENTER PARKWAY AREA

1

## **Plaintiffs**

PLAINTIFF Cynthia Bauer is a resident of Apollo Way vehicular community
P.O. Box 1422
Guerneville, CA 95446
Telephone 707-3282955
sintinkomiso@gmail.com

PLAINTIFF George Solemnidad, is a resident of Challenger Way vehicular community
2360 Mendocino Avenue A2, #328
Santa Rosa, CA 95403
Telephone 707-217-9240,
georgejago@gmail.com

PLAINTIFF Michael Deegan, is a resident of Apollo Way vehicular community
Telephone Number: 707-612-2722
2360 Mendocino Avenue A2, #328
Santa Rosa, CA 95403
Deeganm20171@gmail.com

PLAINTIFF Edward Garcia is a resident of Apollo Way vehicular community
2360 Mendocino Avenue A2, #328
Telephone: 707-328-0944
Eddy97104@gmail.com

PLAINTIFF Michael Fenton is a resident of Mercury Way vehicular community
2360 Mendocino Avenue A2, #328
Santa Rosa, CA 95403
Telephone: 707-326-3792
Mfenton707@gmail.com

PLAINTIFF George Jago is a resident of Apollo Way vehicular community
Santa Rosa General Delivery
730 2nd Street
Santa Rosa, CA 95404
707-217-9240
georgejago@gmail.com

PLAINTIFF Linda Albright is a resident of Apollo Way vehicular community
3607 Banyan Street
Santa Rosa, CA 95403
Telephone: 707-703-8805
alrighlinda9@gmail.com

PLAINTIFF Crystal Kramer is a resident of Apollo Way vehicular community
2360 Mendocino Avenue A2, #328
Santa Rosa, CA 95403
Telephone: 707-867-3048
crystalkramer007@gmail.com

2

COMPLAINT PURSUANT TO 42 USC 1983 AND ADA TITLE II WITH EMERGENCY APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PREVENT DESTRUCTION OF OUR COMMUNITY AT THE
CORPORATE CENTER PARKWAY AREA - 2

1

**Defendants**

2

3

4

DEFENDANT City of Santa Rosa, is the municipal corporation of Santa Rosa with police authority which is engaging in the unlawful policies of eradicating communities like the ones in the area of Corporate Center Parkway on Apollo, Mercury & Challenger Way.

5

6

7

Counsel for City of Santa Rosa:
Sue Gallagher: sgallagher@srcity.org
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

8

9

10

DEFENDANT, John Cregan is Chief of Police for the City of Santa Rosa who is directly responsible and supervising the eviction of Apollo way: jcregan@srcity.org
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

11

12

DEFENDANT Maraskeshia Smith is the City Manager of Santa Rosa responsible for the eviction of Apollo Way: cmoffice@srcity.org
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

13

14

15

DEFENDANT Megan Basinger IS Director of Housing and Community Services for the City of Santa Rosa and is conspiring with defendants to defraud the public by falsely presenting that we are being offered shelter: mbasinger@srcity.org
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

16

17

DEFENDANT Chris Rogers is Mayor of Santa and is directly responsible: crogers@srcity.org
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

18

19

DEFENDANT Officer Moore is a Santa Rosa police officer who issued notices to vacate against campers at Challenger way
100 Santa Rosa Avenue Room 8 Santa Rosa, CA 95404

20

21

22

DEFENDANTS 1-10 Inclusive are other co conspirators who are conspiring to deprive of us our civil rights who are not yet known but will be added by a leave of court when their identities are ascertained.

23

24

25

26

3

27

28

COMPLAINT PURSUANT TO 42 USC 1983 AND ADA TITLE II WITH EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PREVENT DESTRUCTION OF OUR COMMUNITY AT THE CORPORATE CENTER PARKWAY AREA - 3

JURISDICTION AND VENUE

The court has jurisdiction under federal question jurisdiction under 42 USC 1983. All claims are from facts that occurred in Sonoma County, which means that the venue of the Northern District is appropriate.

INTRADISTRICT ASSIGNMENT

Because the actions arose in Sonoma County it belongs in the SF/ Oakland Division of the Northern District of California

**Statement of Facts**

1. We are a group of residents who live in motor homes and recreational vehicles "RVs" living around Challenger way in Santa Rosa. We have been staying together for some time and have a small community here that looks out for one another.

2. On July 27th, a squad of City of Santa Rosa police officers with lead Officer Moore marched through our modest vehicular community of RVs and motor homes located at Apollo Way in Santa Rosa threatening to arrest and impound our vehicular homes. [Dec Fenton ¶4, Dec Garcia ¶4 Dec Solemnidad ¶4, Dec Deegan, Dec Bauer¶4]. We all live here and rely on one another.

3. At all relevant times, these officers were acting under the official policies of the City of Santa Rosa as implemented by Santa Rosa City Manager Maraskeshia Smith, Santa Rosa

4

Chief of Police John Cregan, Santa Rosa Mayor Chris Rogers, Santa Rosa director of housing and community services Megan Basinger.

4. Our current encampment is safe, clean [See Dec Jago p. 4, lns 1-7, Dec Solemnidad ¶12.] Other places, we have experienced vigilante violence from anti homeless [Dec Deegan, P. 3, Lns 16-21.]

5. Pushing us out of the encampment will put us at a variety of state created dangers. [See Dec Bauer ¶12 Dec Deegan P. 3, Lns 14-21.]

6. Even though most of our vehicular homes are registered, insured, well kept, and we keep the grounds clean Defendants are threatening to arrest us. We clean our community; we even do dump runs for our community.

7. Even though they know that we have nowhere to live and do not have homes other than our vehicles, they are threatening to arrest without offering alternative housing in violation of *Martin V Boise* [See Dec Solemnidad ¶13 Dec Garcia ¶4 Dec Fenton ¶4 They are not providing other alternative safe parking arrangements [Dec Jago ser P. 3, Lns 14-16, Dec Deegan P. 3-4. Dec Bauer ¶4.]

8. The city has ignored all requests for reasonable accommodation under the Americans with Disability Act [Dec Deegan P. 3-4. Dec Solemnidad ¶7, Dec Garcia ¶7

9. Forcing people to move is costing an unreasonable amount of money for gas which is prohibitive.

5

10. They are simply harassing us all around town threatening us anywhere and everywhere we go, and any small misstep will cause them to seize our homes, arrest us, which could result in us losing our only shelter which could lead to irreparable injury or death.

11. The defendants are intent on sweeping us and continue to put us in harm's way.

12. At this point, it seems that without intervention from this court defendants will simply terrorize us all across the City of Santa Rosa or banish us from our city entirely simply because we live in vehicles.

## CLAIMS

## FIRST CAUSE OF ACTION

**Violation of Substantive Due Process—Reckless Endangerment (Fourteenth Amendment; 42 U.S.C. § 1983) (Against all Defendants)**

1. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. Under the Substantive Due Process Clause of the Fourteenth Amendment, the state deprives a person of a substantive due process right if it affirmatively places the person in a position of danger. Wood v. Ostrander, 875 F. 2d 578, 583 (9th Cir. 1989).

2. Defendants have acted and continue to act affirmatively as described herein to place Plaintiffs and Class members in a highly dangerous situation that they would not

6

otherwise face, threatening Plaintiffs' and Class members' health and safety, risking serious exacerbations of their disabilities, and putting their lives at risk. Defendants have acted affirmatively by citing Plaintiffs and Class members for parking and vehicle habitation violations that they cannot reasonably avoid, thereby forcing Plaintiffs and Class members to attempt to pay more than they can afford on exorbitant fines. Plaintiffs and Class members who attempt to pay these fines must sacrifice paying for life-sustaining food, medication, or other necessities. And when they can no longer afford the fines, they lose the only form of shelter available to them—their RV or vehicle—through impoundment. Without shelter, Plaintiffs and Class members face the dangers described herein of living on the streets.

3.   without shelter. In the absence of Defendants' affirmative actions, Plaintiffs and Class members would not face these highly dangerous situations. Plaintiffs knew or reasonably should have known that their actions—up to and including taking away Defendants' and Class members' only form of shelter—would create these threats to Defendants' and Class members' health and safety. Defendants acted with reckless disregard or deliberate indifference to the dangers—malnourishment, illness, and/or lack of shelter—they were creating for Plaintiffs and Class members by issuing and/or threatening to issue nighttime RV parking and vehicle habitation citations and impounding RVs and other vehicles. Defendants also knew or reasonably should have known that the Named Plaintiffs and many Class members have disabilities, are chronically homeless, and have no other viable options for shelter. Defendants' actions show a reckless disregard or deliberate

indifference to the health, safety and well-being of Plaintiffs and Class members, in

violation of Plaintiffs' and Class members' substantive due process rights under the

Fourteenth Amendment to the U.S. Constitution. Wood, 875 F. 2d at 583. As a result of

Defendants' actions, Named Plaintiffs' health and safety were placed in grave danger in

violation of the Fourteenth Amendment. Named Plaintiffs were injured and damaged in

that they were forced to bear the risks and medical costs created by these acts. In addition

to that cost, the Named Plaintiffs suffered emotional and mental distress as well as

humiliation because of the danger created by Defendants' unlawful actions. Defendants'

unlawful actions and the resulting injuries entitle Named Plaintiffs to compensatory

damages, including damages for emotional distress. An actual controversy exists between

Plaintiffs and Class members on the one hand, and Defendants on the other, as to whether

Defendants have violated and/or are imminently threatening to violate 42 U.S.C. § 1983.

Plaintiffs and Class members have no adequate remedy at law for the violations stated

herein and are therefore entitled to injunctive, declaratory, and other equitable relief,

including restitution for fines and assessments collected and vehicles impounded by

Defendants. Plaintiffs are also entitled to attorneys' fees and costs.


## SECOND CAUSE OF ACTION

### Violation of Cruel and Unusual Punishment (Eighth and Fourteenth Amendments; 42

### U.S.C. § 1983)

4.  Plaintiffs hereby incorporate each and every allegation contained in the foregoing
    paragraphs as if fully set forth herein.

5.  The Eighth Amendment to the U.S. Constitution provides that "[e]xcessive bail shall not
    be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."
    Defendants' practice and policy of issuing tickets and threats of tickets for nighttime RV
    parking and vehicle habitation to Plaintiffs and Class members, impounding their RVs
    and vehicles as a result of those offenses, and threats of arrest for vehicle habitation
    violates the Eighth Amendment's prohibition on cruel and unusual punishment because it
    constitutes a punishment that is disproportionate to the severity of the "crime" of
    violating the nighttime RV parking and vehicle habitation ordinances or of lodging in
    one's vehicle on City streets. See Solem v. Helm, 463 U.S. 277 (1983).

6.  The punishments inflicted by Defendants for violation of the ordinances in question force
    Named Plaintiffs and Class members to attempt to pay more than they can afford on
    exorbitant fines. Plaintiffs and Class members who attempt to pay these fines must
    sacrifice paying for life-sustaining food, medication or other necessities. And when they
    can no longer afford the fines, they lose the only form of shelter available to them—their
    RV or vehicle—through impoundment.

7.  Without shelter, Plaintiffs and Class members face the dangers described herein of living
    on the streets without shelter. These punishments grossly outweigh any interest on the
    part of Defendants in preventing Plaintiffs and Class members from parking on city
    streets at certain times of the day and/or seeking shelter in their vehicles. For Named

9

Plaintiffs and Disability Subclass members, Defendants' practice and policy also violates the Eighth Amendment's prohibition on cruel and unusual punishment because it punishes Named Plaintiffs and Disability Subclass members for being homeless.

8. By punishing the act of sheltering oneself in a vehicle when there are no other reasonable alternatives, the city effectively punishes the status of homelessness. Defendants infringe Plaintiffs' and Subclass members' rights by issuing tickets and threats of tickets for nighttime RV parking and vehicle habitation, as well as by impounding RVs and vehicles, and threatening arrest for vehicle habitation. See Robinson v. California, 370 U.S. 660 (1962); Jones v. City of Los Angeles, 444 F.3d 1118 (9th Cir. 2006), vacated after settlement, 505 F.3d 1006 (9th Cir. 2007). Named Plaintiffs and Disability Subclass members are involuntarily homeless. They are homeless because their disabilities led to their unemployment and poverty, and because the city lacks affordable housing and accessible, adequate, and available shelters. They cannot reasonably forego sheltering themselves, as sheltering oneself is a basic human need. It is harmless. And it is an act integral to the status of homelessness.

9. Until permanent, affordable, and accessible housing is available to them, their RVs or other vehicles are their only option for meeting their basic human need for shelter. As a result of Defendants inflicting cruel and unusual punishment under color of law in violation of the Eighth and Fourteenth Amendments, the Named Plaintiffs were injured and damaged in that they were forced to pay exorbitant fines they could not afford to pay, and/or were deprived of the use of their only available shelter—their RVs or other

vehicles—and were forced to bear the cost of finding and securing whatever other accommodations they could obtain. In addition to that cost, the Named Plaintiffs suffered emotional and mental distress as well as humiliation because of this violation of their rights. Defendants' unlawful actions and the resulting injuries entitle Named Plaintiffs to compensatory damages, including damages for emotional distress. Plaintiffs and Class members are also entitled to injunctive and declaratory relief, restitution, and attorneys' fees and costs.

11

## THIRD CAUSE OF ACTION

**Violation of Substantive Due Process—Void for Vagueness (Fourteenth Amendment;**
**42 U.S.C. § 1983)**

10. Plaintiffs hereby incorporate each and every allegation contained in the foregoing
paragraphs as if fully set forth herein. The Substantive Due Process Clause of the
Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any
person of life, liberty, or property, without due process of law." In order to satisfy the
Due Process Clause, an ordinance must be sufficiently definite to provide adequate notice
of the conduct proscribed and provide sufficient guidelines for the police so that arbitrary
and discriminatory enforcement does not occur. Tobe v. City of Santa Ana, 9 Cal. 4th
1069, 1106-1107 (1995).

11. Santa Rosa's vehicle habitation ordinance does not satisfy the requirements of the Due
Process Clause. As written, the vehicle habitation ordinance makes unlawful the use of a
vehicle parked or standing on the street as "either temporary or permanent living quarters,
abode, or place of habitation." None of the terms used—"temporary living quarters,"
"permanent living quarters," "abode" or "place of habitation"—are defined anywhere in
the ordinance. The City's vehicle habitation ordinance fails to provide adequate notice
and sufficient guidance, which would allow an individual to ascertain beyond mere
speculation as to how one uses a parked or standing vehicle as "either temporary or
permanent living quarters, abode, or place of habitation." The ordinance therefore fails

12

"to draw a clear line between innocent and criminal conduct," Desertrain v. City of Los Angeles, 754 F. 3d 1147, 1156 (9th Cir. 2014), and invites selective enforcement against people who are homeless, many of whom have disabilities.

12. As detailed above, Named Plaintiffs and Class members have attempted to comply with the vehicle habitation ordinance but have nonetheless been ticketed under its vague and overbroad reach. The vehicle habitation ordinance should therefore be declared unconstitutionally vague both on its face and as applied against Named Plaintiffs and Class members in violation of substantive due process protections under the Fourteenth Amendment to the U.S. Constitution. As a result of the Defendants' actions under color of law in violation of the Due Process Clause of the Fourteenth Amendment, Named Plaintiffs and Class members have been and continue to be forced to pay fines and assessments they cannot afford to pay and have been and continue to be deprived of or threatened with the deprivation of their only available shelter—their RVs or other vehicles. In addition to that cost, Named Plaintiffs suffered emotional and mental distress as well as humiliation because of this violation of their rights. Defendants' unlawful actions and the resulting injuries entitle Named Plaintiffs to compensatory damages, including damages for emotional distress. Named Plaintiffs and Class members are also entitled to injunctive and declaratory relief, restitution, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Violation of Substantive Due Process—Right to Travel (Fourteenth Amendment; Cal. Const. Art. 1, §§ 7 and 24; 42 U.S.C. § 1983)

13. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. The Fourteenth Amendment to the U.S. Constitution protects as a hallmark of personal liberty the right to travel to whatever place one's own inclination may direct and stay as long as one wishes. Enforcement practices that deprive individuals of a basic necessity of life may be found to burden the right to travel unconstitutionally. Memorial Hospital v. Maricopa County, 415 U.S. 250 (1974); Pottinger v. Miami, 810 F. Supp. 1551 (S.D. Fla. 1992). "The right to travel has found its strongest expression in the context of attempts by states to discourage the immigration of indigents." Joyce v. City & Cty. of S.F., 846 F. Supp. 843, 860 (N.D. Cal. 1994).

14. The California Constitution also specifically protects the right to intrastate travel. Cal. Const. Art. 1, §§ 7 and 24; Tobe v. City of Santa Ana, 9 Cal. 4th 1069 (Cal. 1995). Defendants' pattern and practice of ticketing Named Plaintiffs and Class members under its nighttime RV parking and vehicle habitation ordinances directly infringes Named Plaintiffs' and Class members' Right to Travel. Defendants have created an RV parking permit process available to most city residents to allow nighttime RV parking but have denied access to that permitting process to Named Plaintiffs and Class members. Defendants have conducted these activities by collecting exorbitant fines that Named Plaintiffs cannot afford to pay, impounding their vehicles, and threatening criminal

14

prosecution for a misdemeanor, even though Named Plaintiffs and Class members have no reasonable alternative but to utilize the rudimentary shelter provided by their vehicles. This conduct has the purpose and effect of depriving or threatening to deprive Named Plaintiffs and Class members of the necessities of life, including food, shelter, and medicine, thereby preventing Named Plaintiffs and Class members from travelling to and residing in Santa Rosa. Defendants' enforcement of the nighttime RV parking ordinance specifically leaves Named Plaintiffs and Class members with no options for parking their RVs between 2:00 AM and 6:00 AM. Since Named Plaintiffs and Class members lack the means to pay for housing or private parking and temporary shelters are not available to them, Named Plaintiffs and Class members cannot reasonably be in the city within those times, effectively depriving them of all shelter while traveling within the City.

15. Defendants' enforcement of the vehicle habitation ordinance also infringes Named Plaintiffs' and Class members' Right to Travel by preventing them from obtaining shelter in the City of Santa Rosa in the only way available to them (in their vehicles), thereby depriving them of that basic necessity in the City. As described herein, Named Plaintiffs and Class members lack the means to obtain other shelter or to pay for private parking for their vehicles in the City, and in the case of Disability Sub-Class members, temporary and emergency shelters and transitional housing programs are not available to them, because of a lack of capacity and/or their disabilities and medical conditions. Defendants' actions have violated Named Plaintiffs' and Class members' Right to Travel under both the Fourteenth Amendment and the California Constitution by refusing to provide an

15

exemption to the nighttime RV parking ordinance based on homelessness or disability. The City has provided an exemption to its nighttime RV parking ordinance via a permit process that allows people with physical addresses to park RVs and oversized vehicles from 2:00 AM to 6:00 AM, but has denied the same rights to those without physical addresses, including Named Plaintiffs and Class members. Defendants' enforcement of the nighttime RV parking ordinance against Named Plaintiffs and Class members denies them the basic necessity of shelter and violates their Constitutional Right to Travel. Defendants' actions therefore unconstitutionally infringe on the Right to Travel protected under the Fourteenth Amendment to the U.S. Constitution and the California Constitution. As a result of Defendants' actions under color of law in violation of the Right to Travel under the Due Process Clause of the Fourteenth Amendment, Plaintiffs and Class members were forced to pay citations that they could not afford, and/or lost their vehicles through impoundment, thereby depriving them of the use of their only available shelter—their RVs or other vehicles. In addition to that cost, Named Plaintiffs suffered emotional and mental distress as well as humiliation because of this violation of their rights. Defendants' unlawful actions and the resulting injuries entitle Named Plaintiffs to compensatory damages including damages for emotional distress. Named Plaintiffs and Class members are also entitled to injunctive and declaratory relief, restitution, and attorneys' fees and costs.

# FIFTH CAUSE OF ACTION

## Violation of Substantive Due Process—Equal Protection (Fourteenth Amendment; 42 U.S.C. § 1983)

16. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. The Equal Protection Clause of the Fourteenth Amendment dictates that no State shall deny to any person within its jurisdiction the equal protection of the laws. Conduct violates the Equal Protection Clause when it disproportionately affects a suspect class or impinges on the exercise of a fundamental right. Plyler v. Doe, 457 U.S. 202, 216-17 (1982). Defendants discriminate against homeless individuals through the enforcement of the nighttime RV parking ordinance by providing an exemption to the prohibition contained in its nighttime RV parking ordinance via a permit process that allows people with physical addresses to park RVs and oversized vehicles from 2:00 AM to 6:00 AM, but denies the same rights to those without physical addresses, including Named Plaintiffs and Class members. Defendants' policies and practices further prevent Named Plaintiffs and Class members from obtaining benefits provided by the City by blocking them from obtaining a permit exempting them from the nighttime RV parking ordinance. These actions by Defendants have no rational connection to a legitimate government interest. In adopting and implementing these policies and practices as above stated, Defendants have thus violated and continue to violate the Equal Protection Clause of the United States Constitution. Defendants' above-described policies and practices of ticketing homeless vehicle owners

17

under its nighttime RV parking and vehicle habitation ordinances and impounding their

RVs or other vehicles serve to single out and discriminate against homeless people and/or

people with disabilities, including Named Plaintiffs and Class members. Named Plaintiffs

and Class members are being singled out for enforcement of these ordinances that are not

enforced against people with RVs or other vehicles who do not appear to be homeless or

disabled. Defendants' selective enforcement of these ordinances violates Named

Plaintiffs' and Class members' right to Equal Protection under the Fourteenth

Amendment. Defendants' conduct prevents Named Plaintiffs and Class members from

traveling to the City of Santa Rosa without fear of ticketing and arrest, as detailed in the

Fourth Cause of Action. This restriction of the right to travel infringes a fundamental

right, is not substantially related to any important government interest, and therefore

violates the Equal Protection Clause of the U.S. Constitution. As a result of Defendants'

actions under color of law in violation of the Equal Protection Clause of the Fourteenth

Amendment, Named Plaintiffs and Class members were forced to pay citations that they

could not afford, and/or lost their vehicles through impoundment, thereby depriving them

of the use of their only available shelter—their RVs or other vehicles. In addition to that

cost, Named Plaintiffs suffered emotional and mental distress as well as humiliation

because of this violation of their rights. Defendants' unlawful actions and the resulting

injuries entitle Named Plaintiffs to compensatory damages, including damages for

emotional distress. Named Plaintiffs and Class members are also entitled to injunctive

and declaratory relief, restitution, and attorneys' fees and costs.

18

## SIXTH CAUSE OF ACTION

**Violation of California Constitution - Due Process and Equal Protection (Cal. Const. art I, § 7)**

17. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. Defendants' policies and practices as herein stated violate the due process liberty interests and

## SEVENTH CAUSE OF ACTION

**Violation of Bane Act (California Civil Code § 52.1 "Bane Act")**

18. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. California Civil Code § 52.1, also known as the "Bane Act," provides a cause of action to individuals whose exercise or enjoyment of rights secured by the United States and/or California Constitutions and other laws has been interfered with, or attempted to be interfered with, by another's threat, intimidation, or coercion. By their conduct and actions as set forth herein, Defendants have interfered with, have attempted to interfere with, and continue to attempt to interfere with, by threat, intimidation, and/or coercion, Plaintiffs' and Class members' exercise of their rights to be present on the public streets and parking locations in the areas of Santa Rosa, as those rights are secured by the Eighth and Fourteenth Amendments to the United States

19

Constitution and by the Constitution and laws of the State of California, including California Constitution Art. I, § 7, and the federal and state statutory protections guaranteed to individuals with disabilities. Defendants' actions, including citations, arrests, and punishments and the threat thereof, have criminalized conduct that is the involuntary result of Named Plaintiffs' and Class members' status, in violation of Plaintiffs' Constitutional rights.

19. There was and is no lawful justification for Defendants to threaten, intimidate, or coerce any of the Named Plaintiffs and Class members, or to attempt to use threats, intimidation, or coercion as described herein to interfere with Plaintiffs' exercise of their rights. Defendants' actions were and are taken willfully and with malice and oppression in order to deter and/or prevent Named Plaintiffs and Class members from exercising their protected constitutional and statutory rights. As a direct and legal result of Defendants' actions, Named Plaintiffs suffered and continue to suffer pain and suffering, humiliation and embarrassment and are entitled to compensatory damages for injury to their persons, loss of property and health, and a loss of their constitutional rights including all damages authorized by Cal. Civ. Code § 52, and all other applicable laws including treble damages and punitive damages against the Defendants, as permitted by law. Named Plaintiffs and Class members are further entitled to injunctive relief.

20

# EIGHTH CAUSE OF ACTION

## Violation of Americans with Disabilities Act (42 U.S.C. § 12132) (On Behalf of

## Disability Subclass Members)

20. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. Title II of the ADA, 42 U.S.C. § 12132, provides that: [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. The Named Plaintiffs and Disability Subclass members are "qualified persons with disabilities" as defined under the ADA. 42 U.S.C. § 12102; 42 U.S.C. § 12131; 28 C.F.R. § 35.104. Under the ADA's broad language, a "program, service, or activity" includes within its scope "anything a public entity does." Yeskey v. Pennsylvania Dep't of Corr., 118 F. 3d 168, 171 & n. 5 (3d Cir. 1997), aff'd 524 U.S. 206 (1998) (quoting 28 C.F.R. Pt. 35, App. A, preamble to ADA regulations). The City's parking program including the enforcement by the Police Department of its parking ordinances is a service, program, or activity of the City. In addition, the various amenities of City life offered to its residents, including Santa Rosa's parks, beaches and public events are "services, programs, or activities" of the City. Title II protects people with disabilities against facially neutral policies that burden people with disabilities more than others, by requiring that the public entity provide reasonable modifications to avoid the discrimination unless the public

21

entity can demonstrate that such modifications would result in a fundamental alteration of the program. 28 C.F.R. § 35.130(b)(7); Crowder v. Kitagaw, 81 F. 3d 1480 (9th Cir. 1996). Reasonable modifications can adjust for the financial limitations that arise from a disability, not just the immediate manifestations of the impairment giving rise to the disability. Giebeler v. M & B Associates, 343 F. 3d 1143, 1152 (9th Cir. 2003). By refusing to reasonably modify their policies and practices as described herein to allow Named Plaintiffs and Disability Subclass members to legally park their vehicles on City streets or other public property and to utilize their vehicles for shelter, at least until affordable, accessible and medically appropriate housing is available for them, Defendants have violated and continue to violate the antidiscrimination requirements of Title II of the ADA. Title II regulations interpreting the ADA prohibit a public entity from utilizing criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination based on disability. 29 C.F.R. § 35.130(b)(3). A public entity is also prohibited from imposing eligibility criteria that screen out or tend to screen out individuals with disabilities from fully and equally enjoying any service, program, or activity. 28 C.F.R. § 35.130(b)(8). Defendants' policies and practices in administrating their parking program through ticketing Disability Subclass members, impounding their RVs and other vehicles and excluding homeless RV owners from the ability to obtain parking permits available to people with physical addresses, has the effect of discriminating against and imposing disproportionate burdens on people with disabilities based on disability, screening out such persons from the

22

benefits of the City's parking program, and denying them meaningful access to such benefits and to the City's amenities enjoyed by and available to people without disabilities. In carrying out Defendants' policies and practices as described herein, Defendants have utilized criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination based on disability. 29 C.F.R. § 35.130(b)(3). In carrying out Defendants' policies and practices as herein described and denying Plaintiffs' request for reasonable modification in violation of Plaintiffs' rights under the ADA, Defendants have acted knowingly and with deliberate indifference to the harm substantially likely to occur. As a result of Defendants' unlawful acts, Named Plaintiffs have suffered and continue to suffer injuries, including emotional injuries, and are entitled to compensatory damages, including damages for emotional distress. In addition, Named Plaintiffs and Disability Subclass members are entitled to injunctive and declaratory relief, restitution, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

**Violation of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) (On Behalf of Disability Subclass Members)**

21. Plaintiffs hereby incorporate each and every allegation contained in the foregoing paragraphs as if fully set forth herein. Defendants City of Santa Rosa and the Santa Rosa Police Department are recipients of financial assistance from the federal government.

23

Section 504 of the Rehabilitation Act of 1973 requires that qualified persons with disabilities be provided with meaningful access to federally funded programs. In order to assure meaningful access, reasonable modifications may be required unless the recipient of federal funding can demonstrate that such modifications would result in a fundamental alteration in the nature of the program. 29 U.S.C. § 749; 24 C.F.R. §§ 8.3 and 8.4; Alexander v. Choate, 469 U.S. 287, 301 (1985). Disability Subclass members' right to reasonable modifications thereby denying them meaningful access to Defendants' parking program and to the amenities that the City offers its residents without disabilities and subjecting them to discrimination on the basis of disability, in violation of section 504 of the Rehabilitation Act. As a result of Defendants' unlawful acts in violation of the Rehabilitation Act, Named Plaintiffs have suffered and continue to suffer injuries, including emotional injuries, and are entitled to compensatory damages, including damages for emotional distress. In addition, Named Plaintiffs and Disability Subclass members are entitled to injunctive and declaratory relief, restitution, and attorneys' fees and costs.

## PRAYER FOR RELIEF WHEREFORE,

Plaintiffs pray that this Court:

A. Declare that Defendants' past, present, and threatened future enforcement of the vehicle habitation and nighttime RV parking ordinances, Santa Rosa Muni. Code §§ 11-22.020 and 10-12.010, against Named Plaintiffs and Class members or any citing, arrest

24

or prosecution or threatened citation or arrest for lodging in vehicles on public property violates the right to be free from cruel and unusual punishment, the right to travel, the right to due process and equal protection of the laws.

B. Declare that Defendants' past, present and threatened future enforcement of the above Santa Rosa ordinances and threats of arrest for lodging in vehicles on public property against Named Plaintiffs and Disability Subclass members discriminates on the basis of disability in violation of the ADA, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794;

C. Declare that Santa Rosa's vehicle habitation ordinance, Santa Rosa Muni. Code§11-22.020 § 86.0137(a), is void for vagueness and unenforceable facially and/or as applied to Named Plaintiffs and Class members pursuant to the due process protections of the U.S. and California Constitutions.

D. Issue a preliminary and permanent injunction, enjoining Defendants, their officers, employees, assignees, successors, and agents from enforcing the vehicle habitation and nighttime RV parking ordinances against Named Plaintiffs and Class members through issuing of additional tickets, collecting unpaid fines associated with previous tickets issued under these ordinances, arresting Class members, or through impoundment of RVs or other vehicles for such unpaid tickets and further enjoining Defendants against ticketing, arrests, prosecutions or any threats of arrest or prosecution against Named Plaintiffs and Class members for lodging in vehicles on public property, until such time

1    that permanent accessible housing that is affordable is made available to these

2    individuals;

3    G. Award to Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C.

4

5    § 12205, 29 U.S.C. § 794a(a)(2)(b), Cal. Civ. Code § 52, and Cal. Civ. Proc. Code §

6    1021.5; H. Award to Plaintiffs costs of suit; and

7    I. Order such other and further relief that the Court deems just and proper.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                          26

27    COMPLAINT PURSUANT TO 42 USC 1983 AND ADA TITLE II WITH EMERGENCY APPLICATION FOR TEMPORARY
      RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO PREVENT DESTRUCTION OF OUR COMMUNITY AT THE
28    CORPORATE CENTER PARKWAY AREA - 26

1                                 VERIFICATION

2

3

WE THE UNDERSIGNED, respectfully submit to the court pursuant to Rule 11. Federal Rules of Civil Procedure
4  our complaint, application for temporary restraining order and preliminary injunction, notice for consolidation.

5  We all decline magistrate judge jurisdiction in this matter to expedite the TRO to a Title III judge.

6

7

8

9

GEORGE SOLEMINDAD,

10

11

EDWARD GARCIA

12

13

MICHAEL DEEGAN

14

15

MICHAEL FENTON

16

17

GEORGE JAGO

18

19

CYNTHIA BAUER

20

21

LINDA ALBRIGHT

22

23

24

25

26

27

28

VERIFICATION - 1

# EXHIBIT 1

Notice to Vacate Illegal Encampment on Public Property

Post Date: 7-27-22

Vacate Date: 8-4-22

 

# NOTICE OF PLANNED REMOVAL
# OF PROPERTY

**POSTING DATE:** _____07/27/2022_____

**VACATE DATE:** _THURSDAY  08/04/2022 by 6:00 am_____

**LOCATION:  Roadways, sidewalks and public lands on Challenger Way, Capricorn Way, Apollo Way, Mercury Way, and Corporate Center Parkway in the City of Santa Rosa, CA.**

---

## WARNING

**WARNING:** The streets and properties upon which you have established a temporary dwelling are public property subject to City rules and regulations and a public right of way.  It is not a campground.

**WARNING:** If you do not remove your belongings and vacate the property on or before **August 4th, 2022 at 6:00 am** your placement and/or use of a temporary dwelling on or near the streets, sidewalks and properties may be a violation of State laws and City ordinances.

**WARNING:** You may be ordered to relocate from this area and to remove all unattended personal property.  If you wish to avoid storage or destruction of your personal property, you should pack and relocate with it. If property is left unattended, City staff and police officers will determine what is property to be temporarily stored and what is property to be immediately disposed.

**WARNING:** Not all of your property will be collected for storage. The following property will be immediately disposed:
- Personal items that appear to have been abandoned;
- Personal items that present an immediate health or safety risk, including, but not limited to
- Toxic sharps, needles, scissors, knives
- Chemicals, bleach, paints, oils
- Items (including bedding and clothing) soiled by infectious materials, human waste, body fluids, moldy or mildewed
- Items infested by rodents or insects, rats, mice, fleas, lice bed bugs.
- Furniture, mattresses, sheds,
- Bulky items

- o. A bulky item is any single item that does not fit in a 60-gallon container with the lid closed, except
  - An operational walker,
  - An operational wheelchair,
  - Operational crutches, or
  - An operational bicycle
- Perishable items or food
- Contraband, illegal items
- Trash, garbage and/or debris

If personal belongings are mixed with needles, human waste, bodily fluids, or other health risks, the city staff and police will not sort through or attempt to remove the health and safety risks, but will immediately dispose of all such mixed belongings.

- Shopping carts
  - o Shopping carts will not be stored in their entirety.
  - o Shopping carts will, when possible, be returned to identified stores and/or the stores will be notified to retrieve them.
  - o City staff will not remove the contents of shopping carts unless there are items which can be easily identified as personal belongings, and which meet the criteria for storage. Where items cannot be easily identified as personal belongings and meet the criteria for storage, both the contents and the shopping cart itself will be immediately disposed.
- Bicycles and bicycle parts
  - o The City staff and police will store no more than one operational bicycle.
  - o When there is more than one operational bicycle, others may be disposed.
  - o Bicycle parts not on an operational bicycle may be disposed.

## INSTRUCTIONS FOR RETRIEVAL OF YOUR STORED PROPERTY

Personal property which is determined to be temporarily stored will be taken to ____the Santa Rosa Police Department____ located at ____965 Sonoma Avenue, Santa Rosa____. Owners wishing to retrieve their property from temporary storage may do so by going to ____the Santa Rosa Police Department____ located at ____965 Sonoma Avenue, Santa Rosa____ Monday through Friday from 9:00 a.m. to 3:00 p.m. and requesting return of their property. There is no fee. No identification is required.

To retrieve your property you will be required to provide satisfactory proof of ownership by (1) describing the location of where your property was when it was collected, (2) the date and time it was collected, and/or (3) a description of the specific items that were collected. Presentation of this Notice may assist in retrieving your property. You will not be permitted to search through stored property to determine what is or is not your property.

Property that is not claimed within 90 days will be deemed abandoned and destroyed.

# NOTICE TO VACATE ILLEGAL ENCAMPMENT ON PUBLIC PROPERTY

## BY ORDER OF THE SANTA ROSA POLICE DEPARTMENT

**POSTING DATE:** _____**07/27/2022**_____

**VACATE DATE:** **THURSDAY 08/04/2022 by 6:00 am**_____

**LOCATION**: **Roadways, sidewalks and public lands on Challenger Way, Capricorn Way, Apollo Way, Mercury Way, and Corporate Center Parkway in the City of Santa Rosa, CA.**

## WARNINGS

**WARNING:** The streets, sidewalks and properties, upon which you have established a temporary dwelling are public property subject to City rules and regulations, and a public right of way. It is not a campground.

**WARNING**: If you do not remove your belongings and vacate the property on or before **August 4th, 2022 by 6:00 am** , your placement and/or use of a temporary dwelling on or near the streets, sidewalks and properties may be a violation of the following State laws and City ordinances for which you will be subject to citation, arrest and/or criminal prosecution:

    i. **Santa Rosa City Code §11-22.020** which provides that it is unlawful for any person to camp, occupy camping facilities, or use camp paraphernalia in any public park, or on any public street or on any other public property.

    ii. **California Penal Code §647(e)** which provides that it is a misdemeanor to lodge in any building, structure, vehicle or place, whether public or private, without the permission of the owner or person entitled to the possession or in control of it.

    iii. **Santa Rosa City Code §§10-04.010** (possession or consumption of alcohol on public property), 10-08.010 (public excretion), 10-12.010 (obstruction of public passages), 10-36.100 (aggressive "panhandling), §9-12.050(A) (littering).

    iv. **California Fish and Game Code §5652** which makes it unlawful to deposit, permit to pass into, or place where it can pass into the waters of the state, or to abandon, dispose of, or throw away, within 150 feet of the high water mark of the waters of the state, any cans, bottles, garbage, motor vehicle or parts thereof, rubbish, litter, refuse, waste, debris, or the viscera or carcass of any dead mammal, or the carcass of any dead bird.

     v.  **Other State and City codes** which may include unlawful storage of property, unlawful refuse disposal, unlawful failure to restrain an animal, and /or unlawful fire.

**WARNING**: You are ordered to vacate the property as soon as possible and no later than

_____**August 4ᵗʰ, 2022**_____ at __**6:00 am**___ .

---

## INSTRUCTIONS ABOUT HOUSING

1. If you are experiencing homelessness, you have the opportunity for assessment through the Sonoma County Coordinated Entry Program to assist you in finding housing. You also have the opportunity to be placed in temporary shelter as you seek suitable permanent housing. A trained and qualified outreach worker is available to assist you in assessment and placement at suitable housing. For information about housing and other services, please contact or request a police officer to contact on your behalf the Homeless Outreach Services Teams at1-855-707-HOST (4678).
2. If, for reasons related to a disability, you do not think the shelter or housing available is suitable, you are encouraged to discuss with HOST what reasonable accommodations can be made. Reasonable efforts will be taken, when possible, to accommodate you.
3. For additional assistance, you are also encouraged to call or visit the Homeless Service Center at 600 Morgan Street in Santa Rosa, (707) 575-0979



City of
**Santa Rosa**

## NOTICE OF LEGAL RIGHTS

## AND

## OPPORTUNITY TO RELOCATE

If you are a person experiencing homelessness and are told you may be cited or arrested for violation of Santa Rosa City Code §11-22.020 (camping), 11-20.100 (parking more than 72 hours), or California Penal Code §602(m) or §647(e) for having a dwelling on public property, this notice advises you of certain rights under a Court order.

If your dwelling is not blocking a sidewalk or other right-of-way, or otherwise creating an imminent threat to health, safety, or property, you have a right to the following before the City cites you, arrests you, and/or forces you to leave:

• The reasonable opportunity for assessment by trained homeless outreach staff through Sonoma County's Coordinated Entry Program; and

• The reasonable opportunity to accept a placement in shelter or housing that is immediately available for at least 30 days and is adequate based on your individual circumstances, including any disability-related needs.

### Grievance Procedure

• If you believe the shelter or housing placement made available to you does not meet your disability-related needs, or is inadequate for other reasons, you can file a grievance by contacting Catholic Charities Homeless Outreach Services at 1-855-707-HOST (4678) or visiting the Homeless Services Center at 600 Morgan Street.

• However, you might still need to move, and you might be cited or arrested if you do not move, while you are waiting for a decision on your grievance.

This notice is your opportunity to relocate. Should you decline the shelter or housing made available to you and fail to relocate, you may be ordered to relocate, cited or arrested.

### City of Santa Rosa



**SANTA ROSA**
**POLICE**